AO 91 (Rev. 11/11) Criminal Complaint                                            AUSA Stephanie Stern (312) 469-6132

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EDWIN RILEY

CASE NUMBER: 24 CR 292

**FILED**
6/6/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about June 5, 2024, at Phoenix, Illinois, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, 922(g)(1) | knowingly and intentionally possessing with intent to distribute a controlled substance, namely, a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, and unlawful possession of a firearm |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

*Mariela Lopez*
MARIELA LOPEZ
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: June 6, 2024                                             _____
                                                                                *Judge's signature*

City and state: Chicago, Illinois                    Keri L. Holleb Hotaling, U.S. Magistrate Judge
                                                                        *Printed name and title*

| UNITED STATES DISTRICT COURT | ) |
|---|---|
| | ) |
| NORTHERN DISTRICT OF ILLINOIS | ) |

## AFFIDAVIT

I, Mariela Lopez, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been so employed since approximately August 2020.

2. As part of my duties as an ATF Special Agent, I investigate violations of federal criminal law, including firearms and drug-trafficking offenses. I am currently assigned to the Chicago Field Office. I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge about firearms and narcotics offenses, including the manufacture, storage, possession, use, transportation, distribution, and sale of firearms. I have participated in investigations that have led to the issuance of search warrants involving violations of firearms and narcotics laws, including warrants to search residences that have yielded evidence concerning firearms offenses.

3. This affidavit is submitted in support of a criminal complaint alleging that EDWIN RILEY has violated Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging EDWIN RILEY with (1) knowingly and intentionally possessing with intent to distribute a controlled substance, namely, a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a

1

quantity of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, and (2) unlawful possession of a firearm by an unlawful person, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offenses alleged in the complaint.

4. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging RILEY with possessing with intent to distribute a controlled substance and unlawful possession of a firearm by an unlawful person, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that the defendant committed the offenses alleged in the complaint.

## PROBABLE CAUSE

### A. Summary

5. On June 5, 2024, federal law enforcement executed a search warrant at EDWIN RILEY's home in Phoenix, Illinois, based on evidence that RILEY—a convicted felon—was using his home in connection with drug trafficking. During the search, law enforcement discovered substantial quantities of suspected fentanyl and heroin, as well as a firearm, inside the home. During a post-arrest interview, RILEY

admitted the drugs and gun that were found in the house belonged to him, and that he sold drugs to help him "survive."

### B. The June 5, 2024 Search of RILEY's Home

6. On June 5, 2024, the government submitted a search warrant application to this Court to search RILEY's residence, located at 531 E. 154th Place, Phoenix, Illinois 60426. The application included an affidavit that established probable cause to believe that RILEY was using his home in connection with narcotics trafficking, including to supply Robert Holder with heroin and fentanyl that Holder sold to an ATF confidential source in Indiana on several occasions between April of 2024 and June of 2024.[1] The June 5, 2024 search warrant application and affidavit is attached to this affidavit as Exhibit A, and is incorporated herein by reference.

7. Law enforcement executed the search warrant on the afternoon of June 5. During the search, law enforcement recovered suspected narcotics, a loaded pistol, and ammunition. Law enforcement did not field test the suspected narcotics due to concerns that the narcotics might contain fentanyl. However, the narcotics in question matched the appearance of narcotics that Holder had previously distributed to the confidential source, which tested positive for the presence of fentanyl and heroin.

---

[1] On June 5, 2024, Holder was charged by complaint in the Northern District of Indiana with violating Title 21, United States Code, Section 841(a)(1), which charge arose from the sales to the confidential source. Holder is currently in the custody of law enforcement.

8. During the search, law enforcement recovered the following specific items from the living room located in the attic:

    a. On a table, a clear, plastic bag containing a tan, powdery substance and a scale nearby that was coated in the same tan-powdery substance. This tan-powdery substance was similar in appearance to the tan powder-rock like substance Holder sold to CS-1 during the May 7, 2024 controlled buy, which the DEA laboratory analyzed and tested positive for heroin (see Exhibit A at paragraph 12). Based on my training and experience, as well as the similarities between the tan-powdery substance found in the Subject Premises and the tan powder-rock like substance Holder sold to CS-1, I believe the tan-powdery substance found on the table is heroin.

9. Law enforcement also recovered the following items from the closet of the master-bedroom in the attic:

    a. A Smith & Wesson, SD40 40-caliber pistol, containing nine live rounds and bearing serial number FWU3220 was located next to RILEY's passport;

    b. A box containing ten live rounds of 40-caliber ammunition; and

    c. A clear, knotted plastic bag containing small, blue and round pills imprinted with "M 30." The blue pills found in the closet looked identical to the pills distributed by Holder during the May 7, 2024

controlled buy, which the DEA laboratory analyzed and tested positive for fentanyl (see Exhibit A at paragraph 12). Based on my training and experience, as well as the similarities between the pills found in the Subject Premises and the pills Holder sold to CS-1, I believe the pills found in the Subject Premises are fentanyl.

10. Based on an ATF interstate nexus analysis, the Smith & Wesson, SD40 40-caliber pistol, bearing serial number FWU3220, was manufactured in Massachusetts.

11. National Crime Information Center (NCIC) records reflect that RILEY has multiple prior felony convictions, including a December 5, 2005 felony conviction for manufacturing/delivering a controlled substance in the Circuit Court of Cook County, for which RILEY was sentenced to four years imprisonment with the Illinois department of Corrections.

    A.    **Riley Arrest and Post-Arrest Interview**

12. That same day, on June 5, 2024 at approximately 3:14 p.m., law enforcement observed RILEY driving away from the Subject Premises and pulled him over and arrested him based on their probable cause belief that he was involved in drug trafficking. During the stop, RILEY confirmed his identity. At approximately 4:34 p.m., law enforcement began a post arrest interview of RILEY. Law enforcement advised RILEY of his *Miranda* rights and RILEY agreed to waive his rights and answer questions. In summary, RILEY admitted that he had a gun in the home that he kept for protection since he had previously been "gunned down" in his home. When

5

questioned about the drugs and gun that were found in the Subject Premises, RILEY stated, in summary, that everything found in the house belonged to him. RILEY also confirmed that the attic bedroom (where the firearm, the ammunition, and the suspected fentanyl was recovered) was his bedroom. When further questioned about the drugs found in his home, RILEY replied "I mean, I did what I had to do to survive with all these kids" and he also said "I sell to use, I use to sell, I'm a drug addict as well." When questioned further about the gun, RILEY admitted that he had been imprisoned twice before, once for five years (demonstrating his knowledge that he is a felon).

## II. CONCLUSION

13. Based on the foregoing, I believe there is probable cause to believe that RILEY (1) knowingly and intentionally possessed with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II controlled substance, and (2) unlawfully possessed a firearm.

FURTHER AFFIANT SAYETH NOT.

*Mariela Lopez*
Mariela Lopez
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and affirmed by telephone 6th day of June, 2024

Honorable KERI L. HOLLEB HOTALING
United States Magistrate Judge

7